UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE; (2) AUTHORIZING THE RELEASE OF SUBSCRIBER AND OTHER INFORMATION; AND (3) AUTHORIZING THE DISCLOSURE OF LOCATION-BASED SERVICES | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06-MC-6 |
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE; (2) AUTHORIZING THE RELEASE OF SUBSCRIBER AND OTHER INFORMATION; AND (3) LOCATION OF CELL SITE ORIGINATION AND/OR TERMINATION | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06-MC-7 |

## AMENDED OPINION AND ORDER

The Magistrate Judge has denied the Government's applications in the above matters for orders authorizing the installation and use of a pen register and trap and trace device. In both applications, the Government seeks an order, pursuant to 18 U.S.C. §§2703(d), 3123 (a), 3123(b)(2), and 3124(a), requiring cellular telephone companies to disclose to agents of the United States Marshal's Service information regarding the location of particular cellular telephones.[1] After the

---

[1]When powered on, a cellular telephone automatically communicates with one or more cellular towers and constantly scans for the cell tower that provides the best reception. As the phone changes location, it automatically switches cell towers. Cellular telephone companies track the identity of the cell towers serving a phone and can provide information as to the general location of a cellular telephone

1

Magistrate Judge denied the applications, the Government filed a Notice of Appeal to the District Court which is meant to trigger review by a District Judge of the Magistrate Judge's Order ("the Order"), presumably by reference to Fed.R.Crim.P. 59(a) and 28 U.S.C §636(b)(1)(A). Under those provisions, this court may reconsider any nondispositive matter where it is shown that the magistrate judge's order is clearly erroneous or contrary to law.[2] Because the undersigned finds no error in the Magistrate Judge's Opinion and Order denying the Government's applications, the Governments appeal will be DENIED.

As noted above, the Government filed two applications for (1) pen registers and trap and trace devices; (2) the release of subscriber and other information; and (3) the disclosure of location based services. In one application, the Government seeks "the numbers called by and numbers called to the Subject [Cellular] Telephone Numbers as well as the location of the cell phones *while in use...*" (Application for Pen Register, 06-MC-07). The second application requests the "numbers called by and numbers called as well as the locations of the cell phone..." (Application for Pen Register, 06-MC-06). The Magistrate Judge described these two requests by stating that one seeks the "real time" location of the cell phone(s) throughout the duration of the call presumably to "track" the whereabouts of the cellular caller, while the second request seeks "historical" cell site location information. Either way, the Government is requesting an order requiring cellular phone companies to identify the specific cell tower from which a call originates, is maintained, or received for an incoming or outgoing call. And, as is detailed below, this Court agrees with the Magistrate Judge

---

based on the location of the cell tower serving the phone. For a more detailed explanation of cell phone technology, see *In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority,* 396 F.Supp.2d 747, 750 (S.D. Texas 2005).

[2]Even under the more rigorous *de novo* review, the undersigned's conclusion would not change.

2

that such information is unobtainable absent a warrant.

The Government cites to the Pen Register and Trap and Trace Devices Statute[3] ("Pen Register Statute"), 18 U.S.C. §§3121-27(4), and the Stored Wire and Electronic Communications Act ("SCA"), 18 U.S.C. §2703 as authority for its requests. Pursuant to the Pen Register Statute, the Government may obtain "dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire and electronic communications." 18 U.S.C. §3121(c). Courts examining this provision are in agreement that "signaling information" includes cell tower locations which are pertinent to transmission or reception of a cellular telephone call. *In re ...Cell Site Information,* 412 F.Supp.2d 947 (E.D.Wis. 2006) ("Wisconsin Decision").

To obtain the above information, §3122(a) authorizes an attorney for the United States to apply for an order, "in writing, under oath or equivalent affirmation, to a court of competent jurisdiction." The application must include the identity of the applying attorney, the law enforcement agency conducting the investigation and a certification from the attorney "that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. §3122(b)(2). Once a complying application is received, the judicial scrutiny of the application is limited: "the court shall enter an ex parte order authorizing the installation and use of a pen register or a trap and trace device within the jurisdiction of the court if the court finds that the attorney for the Government ...has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation."

---

[3] A trap and trace device is a "device or process which captures the incoming electronic or other impulses which identify the originating number of an instrument or device from which a wire or electronic communication was transmitted." 18 U.S.C. §3127(4). A pen register is "a device which records or decodes electronic or other impulses which identify the numbers dialed or otherwise transmitted on the telephone line to which such device is attached..." 18 U.S.C. §3127(3).

18 U.S.C. §3123(a). Indeed, this provision "does not envision an independent judicial review of whether the application meets the relevance standard, rather the court needs only to review the completeness of the certification submitted." *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and Trap and Trace Device,* 846 F.Supp. 1555, 1559 (M.D.Fl. 1994) (citing S.Rep. No. 541, 99th Cong., 2d Sess. 47, *reprinted in* 1986 U.S.C.C.A.N. 3555, 3601).

The other authority cited by the Government in its application, the SCA, authorizes phone companies to disclose the electronically stored records of phone numbers and subscriber information associated with phone calls to or from the land line telephone or cellular telephone upon a court's finding of "specific and articulable facts" that "there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. §2703(d). The types of electronically stored records to be disclosed include disclosure of "a record or other information" pertaining to a subscriber or customer of the communication service and could include records of cell site locations assuming such records are, in fact, kept by the communication company. 18 U.S.C. §2703(b).

In the case of the present applications, the Magistrate Judge denied issuance of the requested orders not on the grounds that the applications were incomplete or otherwise not in compliance with the above-mentioned statutory provisions but because the applications sought information related to cell site location which, in the Magistrate Judge's opinion, was unobtainable without the Government first obtaining a warrant pursuant to Fed.R.Crim.P. 41. The Government maintains that the Magistrate erred because the applications it submitted satisfied the combined requirements of

18 U.S.C. §3122 and 18 U.S.C. §2703(d) which is all that need be done for an order to issue.

According to the Magistrate Judge's Order, the Pen Register statute and the SCA must be read in conjunction with yet a third statute, the Communications Assistance for Law Enforcement Act of 1994 ("CALEA"), 47 U.S.C. §1002, which requires telecommunication carriers to ensure that they have the ability to provide law enforcement agencies with certain "call-identifying information that is reasonably available to the carrier..." 47 U.S.C. §1002(a)(2). This provision also contains an exception: "[W]ith regard to information acquired *solely* pursuant to the authority for pen registers and trap and trace devices (as defined in section 3127 of Title 18), such call-identifying information shall not include any information that may disclose the physical location of the subscriber..." 47 U.S.C. §1002(a)(2)(emphasis added).

The use of the word "solely" in the exception provision of the CALEA has created considerable dubiety in the courts concerning the appropriate application of the exception to cell site location information such as that requested here. The Government, consistent with its applications in other jurisdictions, contends that it is not seeking cell site information *solely* pursuant to the Pen Register Statute and cites to the provisions of the SCA as authority for obtaining cell site location information. The argument, known as the "hybrid theory," has found favor in some jurisdictions, see *In re Application ...Authorizing the Use of a Pen Register and Trap and Trace*, 405 F.Supp.2d 435 (S.D.N.Y. 2005). Advocates of this theory assert that use of the word "solely" by Congress demonstrates an intent that "'another' mechanism may be combined – albeit in some unspecified way – with the Pen Register Statute to authorize disclosure of cell site information." *Wisconsin Decision*, 412 F.Supp.2d at 954*; see also In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority,* 396 F.Supp.2d 747, 765 (S.D. Texas 2005). In the Government's

5

view, the SCA is the mechanism by which disclosure of cell site information can occur and then, the only legal threshold applicable is whether under the SCA, the Government has demonstrated "specific and articulable facts" that "there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. §2703(d).

In his Opinion and Order, the Magistrate Judge first concluded that the section 1002 exception prohibits reliance on the Pen Register Statute in any way for obtaining cell-site location information without first meeting the requirements for a warrant to issue pursuant to Fed.R.Crim.P. 41. Second, the Magistrate Judge rejected the Government's reliance on the SCA in combination with the Pen Register Statute to obtain cell-site information upon a lesser showing of "specific and articulable facts" that the cell-site information is "relevant and material to an ongoing investigation." According to the Magistrate Judge:

> Opponents of the hybrid theory reject this interpretation of the section 1002 exception by pointing out that 'there is nothing in the express language of the Pen [Register] Statute, CALEA, or [SCA] which instructs judges to follow th[is] particular...theory...' Indeed, the theory attributes to Congress the view that they could, by simply inserting the term 'solely' into the exception clause, splice together (through a labyrinthian analysis) fifteen years of separate statutory enactments. The proposition becomes even more dubious when it is asserted that that analysis yields a new and independent authority for obtaining cell site location information...

Order at p. 6 (internal citations omitted).

Nearly a dozen courts have examined applications similar to the ones presented here and at least seven of those courts have refused to issue the orders sought by the Government for reasons similar to, if not identical to, the reasoning of the Magistrate Judge in the present applications. *See In re Application of the United States for an Order: (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device, and (2) Authorizing Release of Subscriber and Other*

6

*Information,* ___ F.Supp.2d___, 2006 WL 1566166 (S.D.Texas April 11, 2006) (listing cases) ("S.D. Texas Decision"). As the Magistrate Judge noted, all of the courts that have done so have premised their conclusions on the exception contained in the CALEA as interpreted through the legislative history and the Congressional testimony offered by then-FBI director Louis Freeh. The aggregation of these sources has led to the conclusion that the exception was predicated on the FBI Director's assertion to Congress that "pen register and trap and trace devices were not to be, and would not be, used to secure location information for the cellular phone user." *Wisconsin Decision,* 412 F.Supp.2d at 956. Thus, these courts have rejected the Government's attempts to obtain cell site location information since the very purpose of the request is to accomplish what Congress attempted to avoid, that is, permitting law enforcement to track individuals using cell location information. *Id.* at 958 ("[I]t makes no sense to me that, by the use of the word 'solely' in 47 U.S.C. §1002(a)(2), Congress was in some back-handed fashion intending to allow the SCA to be used in conjunction with the Pen [Register] Statute to obtain the very information that Director Freeh assured Congress he was not seeking the authority to obtain under the proposed legislation.").

This Court has reviewed the extensive writing that has already been committed to resolving this issue in other jurisdictions and has also given the matter independent consideration. The conclusion reached is the same as that of the Magistrate Judge in his Order denying the applications, specifically: (1) the Government cannot rely on the Pen Register Statute to obtain cell site location information; and (2) converging the Pen Register Statute with the SCA in an attempt to circumvent the exception in the CALEA is contrary to Congress' intent to protect cell site location information from utilization as a tracking tool absent probable cause under the Fourth Amendment. The legal rationale supporting these conclusions can be found in numerous opinions from other jurisdictions

and some from within our own, including the Magistrate Judge's Order and Opinion in this case. *See In re Application ...for an Order for Prospective Cell Site Location Info. on a Certain Cellular Tel., No.* 06 CRIM MISC. 01, 2006 WL 468300 (S.D.N.Y. Feb. 28, 2006); *In re Application ...for Orders Authorizing the Installation and Use of Pen Registers and Caller Identification Devices ...,* 416 F.Supp.2d 390 (D.Md. Feb. 27, 2006); *In re the Application ...for an Order Authorizing the Installation and Use of a Pen Register and/or Trap and Trace ,*___ F.Supp.2d ___, No. 06-MJ-506, 2006 WL 354289 (W.D.N.Y. Feb. 15, 2006); *In the Matter of the Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Info.,* 407 F.Supp.2d 132 (D.D.C.2005); *In the Matter of the Application of the United States of America for an Order (1) Authorizing the Installation and Use of a Pen Register and Trap and Trace Device and (2) Authorizing Release of Subscriber Info. and/or Cell Site Info.,* 396 F.Supp.2d 294 (E.D.N.Y.2005); *In re Application for Pen Register and Trap/Trace Device With Cell Site Location and Auth.,* 396 F.Supp.2d 747 (S.D.Tex.2005).

This court places particular reliance on the *Wisconsin Decision* as it provides a detailed exposition of the reasoning of three other courts that have held as this court does today. There is little the undersigned could add to the analysis nor does it serve judicial economy to further elaborate on what has already been thoughtfully and extensively reasoned. As was stated in the *Wisconsin Decision* "[i]f Congress intended to allow prospective cell site information to be obtained by means of the combined authority of the SCA and the [Pen Register Statute], such intent is not at all apparent from the statutes themselves." *Wisconsin Decision,* 412 F.Supp.2d at 958. Accordingly, the Appeal to the District Judge of the Magistrate Judge's Opinion and Order dated May 17, 2006 is DENIED. The Orders requested shall not issue in their present form. As indicated in the Magistrate Judge's

Order, the Government may: (1) resubmit the application without the request for cell site information; (2) resubmit the application to establish probable cause in accordance with Fed.R.Crim.P. 41(c)(4); or (3) appeal this decision to the Seventh Circuit Court of Appeals.[4]

SO ORDERED.

This 5th day of July, 2006

William C. Lee<br>United States District Court<br>Northern District of Indiana

---

[4] *In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority*, 396 F.Supp.2d at 765 (expressing "the full expectation and hope that the government will seek appropriate review by higher courts so that authoritative guidance will be given the magistrate judges who are called upon to rule on these applications on a daily basis").